UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BARBOSA-AYALA,<br>Petitioner,<br>v.<br>WARDEN, ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 5:26-cv-06312 ADS<br><br>ORDER DISMISSING PETITION AS MOOT |

## I. INTRODUCTION

Petitioner Kevin Barbosa-Ayala filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), seeking release from immigration detention. (Dkt. No. 1.) On November 16, 2026, the parties filed separate status reports. (Dkt. Nos. 13, 14.) Respondents' status report states that the Petition is moot because Petitioner was removed from the United States on November 6, 2026. (Dkt. No. 13.)

Petitioner's status report does not dispute that Petitioner has been removed from the United States and agrees that the Petition is now moot. (Dkt. No. 14.)

## II. DISCUSSION

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." U.S. v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." Id. If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999). "When, by virtue of an intervening event, a court cannot grant any effectual relief whatever in favor of the petitioner," the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996) (cleaned up) (citation omitted).

In the context of a habeas petition, the core remedy is release from confinement. Pinson v. Carvajal, 69 F.4th 1059, 1070 (9th Cir. 2023). Accordingly, the removal of a noncitizen moots a habeas petition, unless there is a remaining "collateral consequence" that may be redressed. Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007). If a noncitizen challenges his detention, as opposed to a "collateral consequence" of his removal, the noncitizen's removal moots the habeas petition. Id. at 1064-65.

Here, the parties do not dispute that Petitioner was removed from the United States on November 6, 2026. (Dkt. Nos. 13, 14.) The parties further agree that the Petition is consequently moot. (Dkt. Nos. 13, 14.) Because Petitioner is no longer in immigration custody, Petitioner's challenge to his immigration detention is moot. See Munoz v. Rowland, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because [the petitioner]

has been released. . . we can no longer provide him the primary relief sought in his habeas corpus petition."); see also Paz v. California, No. SACV 16-0003 GW (SS), 2019 WL 1581418, at *3 (C.D. Cal. Feb. 11, 2019), report and recommendation adopted, 2019 WL 5693766 (C.D. Cal. Oct. 31, 2019) (holding that a challenge to immigration detention was moot because the noncitizen was removed). The Petition is moot and must be dismissed.

## III. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) The Petition is dismissed without prejudice as moot; and

(2) Judgment will be entered accordingly.

Dated: November 23, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge